UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH CARL SALAZAR, JR.,
Plaintiff,
v.                                                  Case No. 8:26-cv-1092-JLB-TGW

IMG ACADEMY, *et al.*,
Defendants.

_____/

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 7), seeking a waiver of the filing fee for his complaint. Because the complaint is a rambling and disjointed shotgun pleading, I recommend that the complaint be dismissed.

### I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are

held] to less stringent standards than formal pleadings drafted by lawyers ....
this leniency does not give a court license to serve as <u>de</u> <u>facto</u> counsel for a
party, or to rewrite an otherwise deficient pleading in order to sustain an
action." <u>Campbell</u> v. <u>Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir.
2014).

II.

The plaintiff, a former employee of defendant NCSA College
Recruiting/IMG Academy, filed a "Complaint for Violations of the Family
and Medical Leave Act (FMLA), 29 U.S.C. §§2601 et seq., Tortious
Interference with Advantageous Business Relationship, Defamation Per Se,
and Bad Faith Threats to Compel Arbitration (Florida Abuse of Process)"
(Doc. 1).   The pleading is based on the termination of the plaintiff's
employment in connection with the plaintiff taking FMLA leave.

The plaintiff's pleading is a quintessential shotgun complaint,
which is condemned by the Eleventh Circuit. <u>Barmapov</u> v. <u>Amuial</u>, 986 F.3d
1321, 1324 (11th Cir. 2021) (Shotgun pleadings "are flatly forbidden by the
spirit, if not the letter, of these rules."). The Eleventh Circuit elaborated on
shotgun complaints:

> "[W]e have identified four rough types or
> categories of shotgun pleadings." *Weiland*, 792

2

F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Id. at 1324–25.

This complaint is undoubtedly a shotgun pleading, as it embodies three of the four characteristics of a shotgun complaint. Thus, the plaintiff impermissibly "incorporates all preceding paragraphs" into each of the six counts, so that the sixth claim "incorporates paragraphs 1-147" (Doc. 1, p. 34, ¶148). Furthermore, the plaintiff includes causes of action "against all defendants" when there are no factual allegations from which it can reasonably be inferred that each defendant was responsible for those acts. See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (The pleading must include sufficient facts from which there are

3

"plausible grounds to infer" the required elements of each claim.).

Moreover, the 37-page complaint is replete with immaterial facts, including irrelevant allegations that the employer acted in "reckless disregard" for federal law, and arguments about the merits of a criminal case against the plaintiff (see Doc. 1, pp. 2, 17-18, 21). The complaint also argues anticipated defenses, such as the enforceability of an arbitration clause (id., pp. 26-27). In that respect, the plaintiff asserts a meritless claim for "Florida Abuse of Process" based on an email from defense counsel reminding the plaintiff of an agreement to arbitrate his claims (see Doc. 1-3, p. 23). Such a claim is meritless, and it is not even ripe. See Litchford & Christopher Pro. Ass'n v. Legal Video Servs., Inc., No. 6:08-CV-893-ORL-DAB, 2008 WL 4093697 at *3 (M.D. Fla. Aug. 29, 2008) (emphasis added) (explaining that in Florida, "abuse of process is only concerned with the improper use by a private party of process after it is issued properly through judicial procedure"); see also In re Fundamental Long Term Care, Inc., 873 F.3d 1325, 1346 (11th Cir. 2017) ("The fact that a party may be motivated by incidental or concurrent benefits of the use of process is not sufficient to constitute an abuse.").

Due to these, and more deficiencies, the complaint is a

disjointed pleading from which it is nearly impossible to discern the essential factual allegations. Underscoring the problematic nature of the pleading is the plaintiff's request for "no less than Ten Million Dollars" in damages (Doc. 1, p. 8). That assertion is patently frivolous.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's shotgun complaint is properly dismissed. See Barmapov v. Amuial, supra, 986 F.3d at 1324. However, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F. R. Civ .P.).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May 15th, 2026

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and

5